IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| REBEKAH LOCKHART, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED; AND JAMES LOWE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED;<br><br>*Plaintiffs,*<br><br>vs.<br><br>EL CENTRO DEL BARRIO,<br><br>*Defendant.* | § § § § § § § § § § § § § § § | SA-23-CV-01156-JKP |
| CAITLIN JOHNSON, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED;<br><br>*Plaintiff,*<br><br>vs.<br><br>EL CENTRO DEL BARRIO,<br><br>*Defendant.* | § § § § § § § § § § § § § § § | SA-23-CV-01200-JKP |
| JASMINE GRACE, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED;<br><br>*Plaintiff,*<br><br>vs.<br><br>EL CENTRO DEL BARRIO,<br><br>*Defendant.* | § § § § § § § § § § § § § § § | SA-23-CV-01463-JKP |

1

**ORDER**

Before the Court are the above three related causes of action, which were referred to the undersigned for all non-dispositive pretrial proceedings. All three of the above cases were filed as class actions by Plaintiffs who were patients at one of Defendant's clinics and allege that their private health information was disseminated as a result of a cyberattack against Defendant in June of 2023. Two of the cases (5-23-CV-01156-JKP-ESC and 5-23-CV-01200-JKP-ESC) were originally filed in federal court as Rule 23 class actions under the jurisdictional provision of the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). The third case (5-23-CV-01463-JKP-ESC) was filed in state court and removed to federal court based on Defendant's contention that Defendant should be deemed to be a federal employee under the Public Health Service Act, 42 U.S.C. § 233(l)(2), and the general federal officer removal statute, 28 U.S.C. § 1442(a).

42 U.S.C. § 1442(a) affords a right to removal of any person acting as an officer of the United States. 42 U.S.C. § 233(l)(2) is the removal provision of the Public Health Service Act. This statute provides a remedy against the United States and directs the United States to defend any civil proceeding brought in any court against any entity deemed to be a commissioned officer or employee of the Public Health Service, where the acts or omissions at issue caused damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions. 42 U.S.C. §§ 233(a), (b), (g).

On January 23, 2024, the parties appeared before the Court through counsel for a status conference to address case management and possible consolidation. The United States also appeared at the conference in its capacity not as a party but to address its decision not to intervene and substitute itself as Defendant in any of the three cases under 42 U.S.C. § 233 and to address its position that removal of the 5-23-CV-01463-JKP-ESC case was improper. The

United States filed multiple notices both before and after removal asserting that Defendant, though generally deemed to be an employe of the Public Health Service, is not accused in this case of acts causing damage for personal injury resulting from the performance of medical, surgical, dental, or related functions and therefore the United States is not required to defend this action and there is no basis for removal.

At the conference, Plaintiffs and Defendant agreed that all three cases should be consolidated. The United States did not take a position on consolidation other than to reiterate its position that Defendant's removal of 5-23-CV-01463-JKP-ESC was defective and this Court therefore lacks jurisdiction over the third case. The United States did not take a position on whether Defendant could cure the defect in removal by filing an amended notice of removal asserting some other basis for federal subject matter jurisdiction. After reviewing the record and hearing the positions of the parties and the United States at the hearing, the Court will consolidate the three cases and order Defendant to file an amended notice of removal addressing subject matter jurisdiction in 5-23-CV-01463-JKP-ESC.

Rule 42(a) of the Federal Rules of Civil Procedure provides:

> If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

The Fifth Circuit has urged district judges "to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion," even when opposed by the parties. *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977) (quoting *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973)). Broad discretion is

vested in the district court in deciding whether two actions should be consolidated, and to what extent. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761–62 (5th Cir. 1989).

There are five factors a court considers in determining whether consolidation is appropriate: (1) whether the actions are pending in the same court; (2) whether there are common parties; (3) whether there are common questions of law or fact; (4) whether there is risk of prejudice or confusion versus a risk of inconsistent adjudications if the cases are tried separately; and (5) whether consolidation will promote judicial economy. *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1531–32 (5th Cir. 1993); *Parker v. Hyperdynamics Corp.*, 126 F. Supp. 3d 830, 835 (S.D. Tex. 2015).

All five factors favor consolidation here. Plaintiffs are all patients of Defendant asserting causes of action based on the same data breach resulting from the same cyberattack. All three suits assert causes of action of negligence, breach of implied contract, negligence per se, breach of fiduciary duty, and unjust enrichment against the same Defendant. All three suits were filed as class actions on behalf of the estimated 350,000 current and former patients and employees who may have also had their confidential personal and private health information compromised in the cyberattack. Because of the class allegations at issue, the three cases are essentially the same case. Additionally, the same attorneys are representing Defendant in all three cases, and there is an overlap of counsel for Plaintiffs. All three cases will require a threshold determination of whether the United States should be required to defend against Plaintiffs' claims under the Public Health Service Act. Consolidation will ensure consistent rulings and promote judicial economy. Additionally, the parties agree to consolidation.

The Court will therefore consolidate Civil Action No. 5-23-CV-01200-JKP-ESC and 5-23-CV-01463-JKP-ESC into the first-filed case, Civil Action No. 5-23-cv-01156-JKP, and

require Plaintiffs to file a consolidated amended pleading encompassing all the claims they seek to raise in this consolidated action. But first, the Court will also order Defendant to file an amended notice of removal addressing subject matter jurisdiction in 5-23-CV-01463-JKP-ESC.

**IT IS THEREFORE ORDERED** that Defendant file an amended notice of removal in Civil Action No. 5-23-CV-01463-JKP-ESC on or before **January 30, 2024**.

**IT IS FURTHER ORDERED** that after the Amended Notice of Removal is filed in Civil Action No. 5-23-CV-01463-JKP-ESC, that Civil Action No. 5-23-CV-01200-JKP-ESC and 5-23-CV-01463-JKP-ESC will be consolidated into the first-filed case, Civil Action No. 5-23-cv-01156-JKP, for pretrial proceedings and discovery.

**IT IS FURTHER ORDERED** that Plaintiffs file an amended pleading in the consolidated action containing all causes of action they wish to assert against Defendant on or before **February 22, 2024**.

**IT IS FINALLY ORDERED** that, in accordance with the Court's previous order, that Defendant file its responsive pleading to Plaintiffs' consolidated amended complaint **within 45 days** of the complaint's filing.

**IT IS SO ORDERED.**

SIGNED this 25th day of January, 2024.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE