**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
(SAN ANTONIO DIVISION)**

| | | |
|---|---|---|
| JASMINE GRACE, individually, and on behalf of all others similarly situated, | ) ) | Civil Action No. 23-cv-01463-JKP-ESC |
| | ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) | |
| EL CENTRO DEL BARRIO D/B/A CENTROMED, | ) ) ) | |
| | ) | |
| *Defendant*. | ) ) | |

**AMENDED NOTICE OF REMOVAL
(Pursuant to 42 U.S.C. § 233(*l*)(2) and 28 U.S.C. § 1442, 28 U.S.C. § 1332(d))**

To The Honorable Elizabeth S. Chestney, United States Magistrate Judge:

In accordance with the Court's direction, Defendant El Centro Del Barrio d/b/a CentroMed ("CentroMed") files this Amended Notice of Removal, which adds an additional basis for this Court to exercise jurisdiction over the above-captioned matter, pursuant to 28 U.S.C. § 1332(d). In support thereof, CentroMed shows the Court:

**<u>INTRODUCTION</u>**

Pursuant to 42 U.S.C. § 233(*l*)(2), 28 U.S.C. § 1442, and, 28 U.S.C. § 1332(d), and on the grounds set forth below, CentroMed removes to this Court the civil action of Plaintiff Jasmine Grace*,* styled *Jasmine Grace, individually, and on behalf of all others similarly situated v. El Centro Del Barrio D/B/A CentroMed.*, No. 2023CI17950, commenced in the District Court of Bexar County, Texas, 438th Judicial District, on or about August 23, 2023. A copy of the

1

Amended Notice of Removal Pursuant to 42 U.S.C. § 233(*l*)(2), 28 U.S.C. § 1442, and 28 U.S.C. § 1332(d)

complaint is attached hereto as Exhibit A, and copy of the state court docket as of the filing of this notice of removal is attached as Exhibit B.

1.    CentroMed is a community health center recipient of federal grant funds under Section 330 of the Public Health Service Act (codified at 42 U.S.C. § 254b *et seq*.). As such—and for all relevant times—CentroMed applied for and received federal status as a "deemed" United States Public Health Service (PHS) employee for purposes of the protection afforded by 42 U.S.C. § 233(a). Copies of the Notice of Deeming Action—confirming CentroMed's deemed PHS status for calendar years 2019, 2020, 2021, 2022 and 2023—are attached hereto as Exhibit C. The protection CentroMed's deemed status affords is an absolute immunity from *any* civil action or proceeding resulting from its performance of (or alleged failure to perform) "medical … or related functions" within the scope of its deemed federal employment. 42 U.S.C. § 233(a), (g), and (h).

2.    This action falls squarely within that statutory protection. *See Mixon v. CareSouth Carolina, Inc.*, Case No. 22-cv-00269, 2022 WL 1810615 *4-8 (D.S.C. June 2, 2022) (C.J., Harwell) (granting deemed health center defendant's motion to substitute United States, over its objection, in a putative class action arising out of health center's alleged failure to safeguard personal and confidential information of current and former patients); *Ford v. Sandhills Medical Foundation, Inc.*, Case No. 4:21-cv-02307-RBH,  2022 WL 1810614 (D.S.C. June 2, 2022) (same), *appeal filed*, No. 22-2268 (4th Cir., Dec. 9, 2022); *Doe v. Neighborhood Healthcare*, No. 21-cv-1587, 2022 WL 17663520 at *7 (S.D. Cal. Sept. 8, 2022) (agreeing with *Mixon* and *Ford* that "failures by the health centers to maintain the confidential nature of the records constituted a medical or related function" within the meaning of 42 U.S.C. § 233(a)); *see also Kezer v. Penobscot Cmty. Health Ctr.*, No. 15-cv-225, 2019 BL 141566 at *8 (D. Me. Mar. 21, 2019)

2

Amended Notice of Removal Pursuant to 42 U.S.C. § 233(*l*)(2), 28 U.S.C. § 1442, and 28 U.S.C. § 1332(d)

(concluding deemed PHS defendants' accessing the plaintiff's confidential medical record constituted a related function as "the performance of quality improvement and quality assurance activities . . . are patently related to the provision of medical services") (rejecting argument that "233(a) immunity applies only to 'medical malpractice' claims against medical providers involving improper medical treatment, not to a breach of the duty created by HIPPA (*sic*) to safeguard Ms. Kezer's medical records") (noting also the Government "conced[ed] . . . that the 'maintenance of the confidentiality of [the plaintiff's] mental health medical records constituted a covered medical or related function' under the language of § 233(a)." *Id*. at 2019 BL 141566, at *6 (quoting Government's brief)); *Mele v. Hill Health Ctr.*, No. 3:06-cv-00455, 2008 WL 160226, at *3 (D. Conn. Jan. 8, 2008) (concluding claim resulting from improper disclosure of medical information "concern[ed] the medical functions of providing treatment and the related function of ensuring the privacy of patient medical information," and was "covered by section 233(a)" immunity); *but see Marshall v. Lamoille Health Partners, Inc.*, No. 2:22-cv-166, 2023 WL 2931823, at *4 (D. Vt. Apr. 13, 2023), *appeal filed*, No. 23-800 (2d Cir., May 12, 2023).

3.      According to the operative complaint, this civil action arises out of a recent data breach of CentroMed's servers which stored certain personally identifiable information (PII) and/or protected health information (PHI) of "Plaintiff and approximately 350,000 current and former patients, employees, and employee and provider spouses / partners / dependents of CentroMed." Ex. A., Compl., at ¶¶ 1. The complaint alleges, in essence, that: (1) CentroMed owes various duties to Plaintiff and the putative class members—arising out of their patient-provider relationship—to protect and safeguard their personal information from unauthorized access, intrusion, and disclosure (2) CentroMed breached those duties by failing to implement and

maintain reasonable security procedures and practices to protect Plaintiff and the putative class members' PII/PHI from unauthorized access and disclosure, and as a result (3) CentroMed caused various harms to Plaintiff and the putative class members. Ex. A., Compl., at ¶¶ 1-14.

4.      Plaintiff asserts claims of negligence, negligence per se, breach of fiduciary duty, unjust enrichment, and breach of implied contract. Ex. A., Compl., at ¶¶ 71-105.

## JURISDICTION

### Deemed Federal Employee Removal—42 U.S.C. § 233(*l*)(2)

5.      The Court has jurisdiction under 42 U.S.C. § 233(*l*)(2), a federal officer removal statute enacted specifically for the benefit of deemed PHS employees (such as CentroMed). Section 233(*l*)(2) provides a deemed individual or entity the right to a federal forum for a judicial determination as to the availability of a federal immunity defense. *Campbell v. S. Jersey Med. Ctr.*, 732 F. App'x 113 (3d Cir. 2018) (recognizing this statutory purpose of § 233(*l*)(2)); *see also Booker v. U.S.*, Case No. 13–1099, 2015 WL 3884813 *7 (E.D. Pa. June 24, 2015) (recognizing "removal pursuant to § 233(*l*)(2) serves the same purpose as procedure contemplated by [28 U.S.C.] § 2679(d)(3)"]). The PHS Act imposes no time limit on § 233(*l*)(2) removals. *Estate of Booker v. Greater Philadelphia Health Action*, 10 F.Supp.3d 656, 665-66 (E.D. Pa. 2014) ("The fact that § 233(*l*)(2) was added to a statutory scheme in which suits against health centers were removable at any time before trial provides a basis to infer that Congress intended the same time frame to govern removals by the health centers themselves"); *Campbell*, 732 F. App'x 113 (42 U.S.C. § 233(*l*)(2) removal is not permitted *after* entry of default judgment as that is no longer "before trial" within the meaning of § 233(c)); 42 U.S.C. § 233(c) (permits Attorney General to remove state actions on behalf of actual and deemed PHS employees "any time before trial").

4

Given the commanding language and unmistakable thrust of § 233(*l*), this provision should be broadly construed to facilitate the removal, hearing, and judicial determination expressly contemplated therein. *Cf. Willingham v. Morgan,* 395 U.S. 402, 406–407 (1969) (construing federal officer removal statute, 42 U.S.C. § 1442, broadly in favor of a federal forum to ascertain the availability of a federal defense arising out of official conduct). Section 233(*l*)(2), like the general officer removal statute (28 U.S.C. § 1442), operates as an exception to the well-pleaded complaint rule. *Campbell*, 732 Fed. Appx. at 117 ("For section 233(*l*)(2) to have any effect, a district court must at least have jurisdiction to substitute the United States when it is appropriate to do so.").

### Federal Officer Removal—28 U.S.C. § 1442

6.      The Court also has jurisdiction under 28 U.S.C. § 1442(a)(1), the general officer removal statute. Section 1442(a)(1) affords a right of removal to "any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office." 28 U.S.C. § 1442(a)(1). The statute permits removal even when the underlying federal question arises only as a defense to a state-law claim. *See Jefferson County v. Acker*, 527 U.S. 423, 431 (1999); *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 644 n.12 (2006) (noting federal officer removal statute operates as an exception to the "well-pleaded complaint" rule). The general officer removal statute protects important federal interests and must be broadly construed in favor of a federal forum. *See Colorado v. Symes*, 286 U.S. 510, 517 (1932) ("It scarcely need be said that such measures [allowing for federal officer removal] are to be liberally construed to give full effect to the purposes for which they were enacted."); *Willingham*, 395 U.S. at 406–07.

7.    Pursuant to 42 U.S.C. § 1442(a)(1), CentroMed qualifies as a federal officer. When broadly construed, as required, the phrase "any officer" in § 1442 can be read to include CentroMed as it is "deemed to be an employee of the Public Health Service" under a federal statute that not only affords CentroMed a federal immunity defense but affords an additional removal right as well. Indeed, the government has previously invoked 28 U.S.C. § 2679(d)(2) and 42 U.S.C. § 1442 on behalf of a CentroMed employee in the case of *Davis v. Martinez*, No. 5:12-cv-00522-JWP, ECF 1 (Notice of Removal) (W.D. Texas).

8.    In the alternative, even if CentroMed did not qualify as a federal officer under 28 U.S.C. § 1442, it nevertheless qualifies as a person acting under a federal officer. *Agyin v. Razmzan*, 986 F.3d 168, 177 (2d Cir. 2021) (holding that (a) individual deemed PHS employee's removal under 42 U.S.C. § 1442 was proper because, as an employee of a deemed health center entity, he was acting under a federal officer with respect to medical and related functions performed on behalf of the health center entity, and (b) deemed PHS employee enjoyed "the same legal immunity that is extended to employees of the Public Health Service")); *see also* H.R. Rep. 104-398, reprinted in 1995 U.S.C.C.A.N. 767, 774 (indicating congressional intent that deemed PHS employees be "covered for malpractice claims under the [FTCA] in the same manner as are employees of the Public Health Service"); *see also Friedenberg v. Lane Cnty.*, 68 F.4th 1113 (9th Cir. May 19, 2023) (citing H.R. Rep. No. 104-398, at 4, for the point that "Congress intended for deemed PHS employees to receive protection 'in the same manner' as traditional PHS employees during the coverage period") (reversing district court's denial of substitution in a state court action that deemed PHS employees removed to federal court pursuant to 28 U.S.C. § 1442 and 42 U.S.C. § 233). *See also Ford v. Sandhills Medical Foundation, Inc.*, Case No. 4:21-cv-02307-RBH, 2022

Amended Notice of Removal Pursuant to 42 U.S.C. § 233(*l*)(2), 28 U.S.C. § 1442, and 28 U.S.C. § 1332(d)

WL 1810614, at *3 n.5 (D.S.C. June 2, 2022) (concluding 28 U.S.C. § 1442(a)(1) provides deemed

PHS defendant "a vehicle for removal" even if 42 U.S.C. § 233(*l*)(2) does not). The United States

has invoked § 1442 on behalf of deemed PHS defendants in numerous cases throughout the country

(and did not err in doing so). *Agyin*, 986 F.3d at 184–85 (collecting cases).

       9.     To invoke § 1442(a)(1), a defendant who is not a federal officer must demonstrate

that (1) he or she or it is a "person" under the statute (2) who acted 'under color of federal office'

and (3) has a "colorable federal defense." 42 U.S.C. § 1442(a)(1). As a nonprofit corporation,

which operates a federal grant project on behalf of U.S. Department of Health and Human Services

(HHS), CentroMed qualifies as a person within the meaning of § 1442. *Isaacson v. Dow Chem.

Co.*, 517 F.3d 129, 135 (2d Cir. 2008) (finding that the "term 'person' includes corporate persons").

CentroMed "acted under" an office of HHS to "assist, or to help carry out, the duties or tasks of

the federal superior." *Watson v. Philip Morris Cos.*, 551 U.S. 142, 149 (2007); 42 U.S.C. § 254(*o*)

(the central office of the Health Resources and Services Administration administers Health Center

grant program on behalf of the HHS Secretary). In particular, CentroMed is statutorily obligated

to serve an area or population that the HHS Secretary designated as "medically underserved." *Id.*

at § 254b(a)(1). CentroMed is therefore supporting the mission of the actual PHS by performing

functions that would otherwise fall within PHS responsibilities. *Agyin*, 986 F.3d at 176 n.3

(Deemed PHS defendant "performed a job that—in the absence of the Federally Supported Health

Centers Assistance Act and its provision for deeming health centers and their staffs to be federal

employees—the federal government would have had to perform itself: He assisted and helped to

carry out the duties of the federal government to provide medical care to the indigent.") (citing

legislative history).

Amended Notice of Removal Pursuant to 42 U.S.C. § 233(*l*)(2), 28 U.S.C. § 1442, and 28 U.S.C.
§ 1332(d)

10.     CentroMed is subject to detailed federal requirements, oversight, and control. *See* H.R. Rep. No. 102-823 at 5 ("Federal requirements associated with the grants are administratively burdensome and address all areas of operation."); *accord Agyin*, 986 F.3d at 177 (concluding community health center was "subject to federal oversight and control" sufficient to render health center physician "acting under" a federal officer for 28 U.S.C. § 1442(a)(1)). Among these requirements is the obligation to "have an ongoing quality improvement systems that includes clinical services and management, and *that maintains the confidentiality of patient records*." 42 U.S.C. § 254b(k)(3)(C) (emphasis added) (prohibiting HHS's approval of a health center's grant application absent a determination of compliance with this requirement); *see also* 42 C.F.R. § 51c.110 ("*All information as to personal facts and circumstances obtained by the project staff about recipients of services shall be held confidential, and shall not be divulged without the individual's consent*. . . .") (emphasis added); 42 C.F.R. § 51c.303 ("A community health center supported under this subpart must . . . [i]mplement a system for maintaining the confidentiality of patient records in accordance with the requirements of § 51c.110 of subpart A.").

11.     CentroMed's deemed federal status (as to specified periods) is irrevocable and affords "the same" immunity that an actual PHS employee enjoys under 42 U.S.C. § 233(a). 42 U.S.C. § 233(g)(1)(A) (making remedy against United States "exclusive of any other civil action or proceeding *to the same extent* as the remedy against the United States is exclusive pursuant to subsection (a)") (emphasis added), (F) (providing that deemed status is "final and binding" on the Secretary, the Attorney General, and all parties to litigation). For purposes of § 1442, CentroMed's federal defense is "colorable," to the say the least.

Amended Notice of Removal Pursuant to 42 U.S.C. § 233(*l*)(2), 28 U.S.C. § 1442, and 28 U.S.C. § 1332(d)

**Class Action Fairness Act of 2005—28 U.S.C. § 1332(d)**

12.     In the alternative, CentroMed removes this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(a)(1), (d); 28 U.S.C. § 1441(a) (permitting removal of any civil action over which the district courts have original jurisdiction).

13.     CAFA grants district courts of the United States original jurisdiction over class actions in which: (1) any member of the putative class is a citizen of a state different from any defendant; (2) the members of the putative class are over 100 people; and (3) where the amount in controversy for the putative class exceeds $5 million. *Id*.

14.     CAFA was enacted "to facilitate adjudication of certain class actions in federal court," and courts interpret it "broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Dart Cherokee Basin Op. Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (quoting S.Rep. No. 109-14, at 43 (2005)). Although ControMed is not the proper defendant to answer or defend against any allegation in the complaint, the complaint—especially when read in conjunction with the complaints in the nearly identical actions initiated in this Court, *Lockhart et al. v El Centro Del Barrio*, 5:23-cv-01156-JKP-ESC, *Johnson v. El Centro Del Barrio*, 5:23-cv-01200-JKP-ESC—can be read as meeting each of CAFA's threshold requirements.

15.     First, the proposed class satisfies CAFA's numerosity requirement, which provides that, for removal to be proper, a class must be composed of more than 100 members. See 28 U.S.C. § 1332(d)(5)(B). As pleaded, the putative class includes "approximately 350,000 current and former patients." Ex. A., Compl., at ¶ 1. Accordingly, the putative class exceeds 100 members.

Amended Notice of Removal Pursuant to 42 U.S.C. § 233(*l*)(2), 28 U.S.C. § 1442, and 28 U.S.C. § 1332(d)

16.     Second, this case meets the requirement of minimal diversity because plaintiff seeks relief on behalf of herself and a putative class of hundreds of thousands of others similarly situated. Ex. A, Compl. ¶ 1. CentroMed is organized and does business in the States of Texas, Ex. A., Compl. ¶ 26. CentroMed is therefore a citizen of Texas for the purpose of diversity jurisdiction. It is at least plausible that minimal diversity exists between at least some of the 350,000 current and former patients of CentroMed and CentroMed itself. *See Mississippi ex rel. Hood v. AU Optronics, Corp.*, 571 U.S. 161, 165 (2014) (finding that CAFA replaces the ordinary requirement of complete diversity among all plaintiffs and defendants with a requirement of minimal diversity).

17.     Third, notwithstanding plaintiff's failure to specify an amount of monetary relief in her "prayer for relief," and allegation that she "seeks monetary relief over $1,000,000 for the class," as pleaded the total amount in controversy could at least theoretically exceed CAFA's $5 million jurisdictional minimum given the putative class of "350,000" patients. *See* 28 U.S.C. § 1332(d)(6) ("To determine whether the matter in controversy" exceeds $5,000,000, "the claims of the individual class members shall be aggregated."); *see also Lockhart*, 5:23-cv-01156-JKP-ESC, ECF 1 (Complaint) at 8 (alleging "amount in controversy exceeds the sum or value of $5,000,000"), *Johnson*, 5:23-cv-01200-JKP-ESC, ECF 1 (Complaint) at 20 (alleging "amount in controversy exceeds $5,000,000, exclusive of interest and costs"). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See Dart Cherokee*, 135 S. Ct. at 554. It is plausible that the total amount in controversy for a class of "350,000" patients could exceed $5 million.

Amended Notice of Removal Pursuant to 42 U.S.C. § 233(*l*)(2), 28 U.S.C. § 1442, and 28 U.S.C. § 1332(d)

## PARTIES

18.    Defendant CentroMed is a Texas-based nonprofit organization that receives federal funding under Section 330 of the PHS Act (codified at 42 U.S.C. § 254b) to operate a community-based health center project that provides primary and related health care services to residents of Bexar and Comal counties in Texas, regardless of any individual's ability to pay for services. *See* 42 U.S.C. § 254b(a), (b), (j), (k). CentroMed serves specific geographic areas that the HHS Secretary has designated as "medically underserved." *Id*. at 254b(a)(1).

19.    According to her complaint, Plaintiff Jasmine Grace is a resident of San Antonio, Texas, and a former patient of CentroMed. *See* Ex. A, Compl., at ¶16.

## STATUTORY FRAMEWORK

20.    Under the Emergency Health Personnel Act of 1970, Pub. L. No. 91-623, § 4, 84 Stat. 1868, 1870-71 (1970), codified at 42 U.S.C. § 233, PHS personnel are absolutely immune from any civil action or proceeding arising out of their performance of medical, surgical, dental or related functions within the scope of their employment. 42 U.S.C. § 233(a). Section 233(a) extends absolute immunity to PHS personnel by making the remedy for damages against the United States under the FTCA the *exclusive* remedy for such actions. *Id*.

21.    To facilitate the legislative objective of ensuring medical services in underserved areas, 42 U.S.C. § 233(a) shields PHS personnel from personal liability arising out of their performance of medical, surgical, dental, and related functions. Without such protection, reports suggest that the cost of professional liability insurance would greatly hinder or altogether preclude the performance of those duties. *See* § 2, 84 Stat. 1868; H.R. Rep. No. 1662, 91ˢᵗ Cong., 2d Sess. 1 (1970); 116 Cong. Rec. 42,543 (1970) (Rep. Staggers, the House of Representatives sponsor,

Amended Notice of Removal Pursuant to 42 U.S.C. § 233(*l*)(2), 28 U.S.C. § 1442, and 28 U.S.C. § 1332(d)

stating that PHS physicians "cannot afford to take out the customary liability insurance as most doctors do," "because of the low pay that so many of those who work in the [PHS] receive."). To achieve its purpose, the grant of absolute immunity to PHS personnel under 42 U.S.C. § 233(a) is "broad" and "comprehensive." *Hui v. Castaneda*, 559 U.S. 799, 806 (2010) (immunity is broad enough to "easily accommodate both known and unknown causes of action").

22.     The Federally Supported Health Centers Assistance Act of 1992 (and as amended in 1995) (the "FSHCAA"), codified at 42 U.S.C. § 233(g) *et seq*., authorizes the HHS Secretary to extend to certain federally funded health centers and their officers, directors, and employees (and certain contractors) the same protection that § 233(a) affords to actual PHS employees. That protection is an "*absolute immunity* . . . for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct." *Hui*, 559 U.S. at 806 (emphasis added); 42 U.S.C. § 233(g)(1)(B) (extending 233(a) immunity to deemed PHS employees "to the same extent" as it is afforded to actual PHS employees).

23.     To qualify as a deemed entity for § 233(a) immunity, a health center grantee must submit an application with detailed information and supporting documentation sufficient for the HHS Secretary to verify that the coverage should apply to all services provided by the health center to patients and in certain circumstances non-patients of the center. The applicant is also required to demonstrate that the health center meets four requirements listed in § 233(h), including a requirement to "implement[] appropriate policies and procedures to reduce the risk of malpractice *and the risk of* lawsuits *arising out of any health or health-related functions performed by the entity*." 42 U.S.C. § 233(g)(1)(D) and (h) (emphasis added).

12

Amended Notice of Removal Pursuant to 42 U.S.C. § 233(*l*)(2), 28 U.S.C. § 1442, and 28 U.S.C. § 1332(d)

24.    HHS, responsible for such determinations, is prohibited from deeming a health center to be a PHS employee absent a determination the health center has "implemented appropriate policies and procedures to reduce the risk of malpractice and the risk of lawsuits arising out of any health or health-related functions performed by the entity." 42 U.S.C. § 233(h)(l). HHS designs an "application … to verify" that the health center applicant has done so. *Id*. at § 233(g)(1)(D).

25.    In the HHS-prescribed deeming application, the health center applicant is required to assure HHS it would "implement and maintain systems and procedures for protecting the confidentiality of patient information and safeguarding this information against loss, destruction, or unauthorized use, consistent with federal and state requirements." *See*, *e.g.*, HHS, Health Resources and Services Administration, Application for Health Center Program Award Recipients for Deemed Public Health Service Employment with Liability Protections Under the Federal Tort Claims Act, https://bphc.hrsa.gov/sites/default/files/bphc/compliance/pal-2021-01_0.pdf. At the same time, CentroMed had to acknowledge that its "failure to implement and maintain systems and procedures for protecting the confidentiality of patient information and safeguarding this information against loss, destruction, or unauthorized use, consistent with federal and state requirements, may result in disapproval of [the HHS] deeming application." *Id*. Because HHS has identified "confidentiality and security" of patient information as one of the "*areas/activities of highest clinical risk* for the health center," a health center applicant is also required to develop, implement, and document the completion of an "annual health care risk management training plan for staff members" that included, among other things, training on "HIPAA medical record

13

Amended Notice of Removal Pursuant to 42 U.S.C. § 233(*l*)(2), 28 U.S.C. § 1442, and 28 U.S.C. § 1332(d)

confidentiality requirements" and "other applicable medical record confidentiality records." *Id.* (emphasis added).

26.     The statute requires the Secretary to make a deeming determination for health centers and their personnel within 30 days of receipt of such an application. *Id.* at § 233(g)(1)(E). The application seeks § 233(a) immunity in advance of and with respect to a specific prospective period (*i.e.*, calendar year). A favorable deeming determination by the Secretary (which confers immunity) is "final and binding" (42 U.S.C. § 233(g)(1)(D)-(F)) on HHS, the Attorney General, and "other parties to *any* civil action or proceeding," 42 U.S.C. § 233(g)(1)(F) (emphasis added), with respect to the designated period.

27.     By requiring a prompt and advance deeming determination, which constitutes a final and binding determination on all parties for a specified and prospective period, and conferring absolute immunity from any action or proceeding resulting from covered conduct in that period, the FSHCAA is designed to eliminate a federally-funded health center's need to purchase (expensive) private professional liability insurance for actions arising out of the performance of medical or related functions within the scope of their employment and in so doing allows centers to devote their federal grant funds to patient services (rather than insurance premiums). *See* H.R. Rep. 102-823, pt. 1, at 3 (1992).

28.     When a civil action or proceeding is brought against a deemed PHS employee, the entity or individual has a duty to deliver the pleadings to the grantor agency's designated representative, which is HHS's Office of General Counsel (OGC). HHS OGC is in turn required to "promptly" provide copies of the pleadings to the Attorney General and appropriate local U.S. Attorney. 42 U.S.C. § 233(b).

Amended Notice of Removal Pursuant to 42 U.S.C. § 233(*l*)(2), 28 U.S.C. § 1442, and 28 U.S.C. § 1332(d)

29.    Upon notification of a state court action against a deemed individual or entity (which is confirmed by a Notice of Deeming Action), the Attorney General has a mandatory (non-discretionary) duty to appear in that court within 15 days of notice of the lawsuit to report whether the "Secretary has determined under subsections (g) and (h) of [Section 233], that such entity, officer, governing board member, employee, or contractor of the entity is deemed to be an employee of the Public Health Service for purposes of this section with respect to the actions or omissions that are the subject of such civil action or proceeding." *Id*. at § 233(*l*)(1). The report to the state or local court of the HHS Secretary's deeming determination is—for purposes of § 233(*l*)(1)'s *removal* provision—also "deemed to satisfy the provisions of [42 U.S.C. § 233(c)] that the Attorney General certify that an entity, officer, governing board member, employee, or contractor of the entity was acting within the scope of their employment or responsibility." *Id*. at § 233(*l*)(1); *cf*. 28 U.S.C. § 2679(d)(3). Section 233(*l*)(1) constructively satisfies § 233(c) to trigger removal but does not restrict or alter the Attorney General's discretion under § 233(c) to make, decline to make, or withdraw a scope of employment certification. Whether or not the Attorney General certifies the named defendant's scope of employment, § 233(*l*)(1) recognizes that removal preserves the status quo (prevents the named defendant from having to participate in litigation or risk default) and ensures that the determination as to the proper forum and procedure for the action is made in federal court.

30.    "Naturally, the availability of a judicial hearing does not mean that the Government's view of the rights and responsibilities of the parties will be determined to have been in error, but it does mean that the issue will be determined by a judge and subject to appellate review." *Kezer v. Penobscot Cmty. Health Ctr.*, No. 15-cv-00225-JAW, 2016 BL 516708, at *7

15

Amended Notice of Removal Pursuant to 42 U.S.C. § 233(*l*)(2), 28 U.S.C. § 1442, and 28 U.S.C. § 1332(d)

(D. Me. Aug. 15, 2016) (citing *Hui*, 559 U.S. at 811) ("To be sure, [§ 233(a)] immunity is contingent upon the alleged misconduct having occurred in the course of the PHS defendant's duties, but a defendant may make that proof subject to the ordinary rules of evidence and procedure.").

31.    If, despite that mandatory duty (to report the named defendant's readily ascertainable deemed status as to the period in which the operative events occurred), the Attorney General (or his or her authorized representative) "fails" to do so within 15 days of notice of the state action, the deemed entity or individual has an absolute right to remove the matter to the appropriate federal district court, without any time limit for doing so. *Id*. at § 233(*l*)(2). Section 233(*l*)(2) is in substance and effect an officer removal statute, akin to the general officer removal statute at 28 U.S.C. § 1442(a)(1). *Agyin*, 986 F.3d at 179-80 (discussing differences between deemed PHS defendant's separate and alternative removal rights under § 233(*l*)(2) and § 1442).

32.    Upon removal, the state court proceeding is stayed until the federal district court conducts a "hearing" to determine the proper forum or procedure and issues an order consistent with its determination. 42 U.S.C. § 233(*l*)(2).

33.    The hearing in federal district court following § 233(*l*)(2) removal allows a deemed entity or individual to challenge the federal government's failure or refusal to certify that the deemed defendant was performing medical or related functions within the scope of its (his or her) employment as a deemed PHS employee with respect to claims against it (him or her) and substitute the United States as the only proper defendant in its (his or her) place. Where, as here, the claim is covered by the deemed defendant's § 233(a) immunity, § 233(*l*)(2) ensures that the United States is substituted as the only proper defendant its place. *Agyin*, 986 F.3d at 184;

16

Amended Notice of Removal Pursuant to 42 U.S.C. § 233(*l*)(2), 28 U.S.C. § 1442, and 28 U.S.C. § 1332(d)

*Friedenberg*, 68 F.4th at 1131; *El Rio Santa Cruz Neighborhood Health Ctr. v. U.S. Dep't of Health and Human Servs.*, 396 F.3d 1265, 1272 (D.C. Cir. 2005); *see also Booker*, 10 F.Supp.3d at 656.

## FACTUAL AND PROCEDURAL BACKGROUND PERTINENT TO THE GROUNDS FOR REMOVAL

34.    As part of the grant application process a health center applicant must detail how their electronic health record system will protect the confidentiality of patient information and safeguard it consistent with federal and state requirements. The deeming process further cements this requirement by asking health centers to attest to the development and implementation of a "annual health care risk management training plan for staff members" that covers HIPAA medical record confidentiality requirements. In compliance with these and other requirements, CentroMed created policies and procedures to ensure protection of personal and confidential data. CentroMed's security policies and procedures included technical, physical, and administrative safeguards against loss, destruction, or unauthorized use of patient information.

35.    CentroMed submitted deeming applications for itself and its personnel with respect to each year and all times relevant to this action. The HHS Secretary, under 42 U.S.C. § 233(g) and (h), approved the applications and deemed CentroMed and its personnel for purposes of the protections afforded under § 233(a) *et seq*. Ex. C. (Notice of Deeming Action for CY 2019-2023).

36.    On August 23, 2023, Plaintiff filed a civil action against CentroMed in the District Court of Bexar County, Texas. At its core, the complaint alleges that CentroMed failed in its duty "to implement adequate and reasonable cybersecurity procedures and protocols necessary to protect consumers' PII/PHI." Ex. A (Complaint) at ¶ 4.

17

Amended Notice of Removal Pursuant to 42 U.S.C. § 233(*l*)(2), 28 U.S.C. § 1442, and 28 U.S.C. § 1332(d)

37.    The underlying complaint was brought to the attention of HHS on or about September 1, 2023. CentroMed has yet to be served in this matter.

38.    On September 15, 2023, the Attorney General appeared in the state court but failed to provide the required advice as to the HHS Secretary's deeming determination under 42 U.S.C. § 233(g) and (h) for the period in which the events giving rise to this action occurred. Ex. D (Attorney General's September 15, 2023 Notice to state court). Instead, the Attorney General claimed that the Secretary had yet to provide its "report as to whether the deemed status of CentroMed under 42 U.S.C. §§ 233(g) and (h) extends to the acts or omissions that are the subject of this civil action." *Id*. The notice further stated that "[o]nce HHS has completed its review and provided its report, the United States Attorney, as the U.S. Attorney General's delegate, will determine whether the acts alleged fall within the scope of 42 U.S.C. § 233(a), the applicable provisions of the FSHCAA, and were otherwise within the scope of CentroMed's 'deemed' employment." *Id*. at 2 (citing 42 U.S.C. § 233(c)).

39.    On October 13, 2023, the Attorney General issued a letter to CentroMed denying its request for substitution of the United States as the proper defendant in its place in this action and three other nearly identical actions arising out of the same underlying events, which were initiated in this Court. Ex. E (Letter from Assistant U.S. Attorney to CentroMed dated October 13, 2023). As the sole justification for its decision, the letter states that this lawsuit "is not one for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions." *Id*. (citing 42 U.S.C. § 233(a)).

40.    On November 1, 2023, the Attorney General provided a "supplemental" notice to the state court indicating that the "United States … has now determined that [CentroMed] was not

18

4887-5390-4803, v. 1

deemed to be a Public Health Service employee for purposes of the acts or omissions giving rise to the suit and that this action therefore is not subject to the provisions of 42 U.S.C. § 233(a)." Ex. F (Attorney General's September 15, 2023 Supplemental Notice).

41.     Maintaining the confidentiality of a patient's personal and confidential information is a function that is related to—and inseparable from—the medical functions of a deemed health center. The statute that governs the health center program, and makes a health center (such as CentroMed) eligible for deemed status in the first place, requires the center to have, among other things, "an ongoing quality improvement system that includes clinical services and management, and *that maintains the confidentiality of patient records*." 42 U.S.C. § 254b(b)(1)–(2), (k)(3)(C).

42.     The claims against CentroMed resulted from its "performance of medical … or related functions" within the scope of its deemed federal employment. 42 U.S.C. §§ 233(a), 254(b). On its face, the complaint alleges that CentroMed, with respect to plaintiff and its other similarly situated patients, breached its duty to maintain and secure the confidentiality of their respective PII/PHI and, as a result, caused harms to plaintiff and the proposed class members.

43.     CentroMed's federal status (and the federal immunity it affords) is the basis for removal jurisdiction under 42 U.S.C. § 233(*l*). As each Notice of Deeming Action indicates, deemed status is akin to an occurrence-based insurance policy. *See* Ex. C (Notice of Deeming Actions expressly indicate that deemed status/immunity operates like an occurrence-based policy). Section 233(*l*) recognizes that when such a "policy" is in place for the named defendant, for the period in which the events giving rise to the claim against that defendant occurred (not when the claim itself is made), then a federal forum is the proper place for the threshold immunity determination. Moreover, immunity determinations ought to be made at the earliest stages of

Amended Notice of Removal Pursuant to 42 U.S.C. § 233(*l*)(2), 28 U.S.C. § 1442, and 28 U.S.C. § 1332(d)

litigation because immunity is not only a defense against liability but a right to be free from the burdens of litigation altogether. *Saucier v. Katz*, 533 U.S. 194, 200–01 (2001) ("an immunity from suit rather than a mere defense to liability . . . like an absolute immunity . . . is effectively lost if a case is erroneously permitted to go to trial" (citing *Mitchell v. Forsyth*, 472 U. S. 511, 526 (1985))), *Mitchell*, 472 U.S. at 525 ("the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action"); *cf*. 42 U.S.C. § 233(*l*) (effectuating prompt removal and a stay pending a threshold immunity determination).

## CENTROMED'S ABSOLUTE IMMUNITY COVERS THIS ACTION

44.    As previously stated, § 233(a) provides absolute immunity to deemed PHS employees "for damage for personal injury, including death, *resulting from the performance of medical*, surgical, dental, *or related functions*, […] while acting within the scope of his office or employment." 42 U.S.C. § 233(a), (g).

45.    The immunity provided under § 233(a) is not limited to medical malpractice but encompasses any action or proceeding arising out of "*related functions"—i.e.,* functions that are related to the performance of medical, surgical, or dental functions. 42 U.S.C. § 233(a); *see e.g., Z.B. ex rel. Next Friend v. Ammonoosuc Community Health Services, Inc.*, 2004 WL 1571988, *4 (D. Me. June 13, 2004) (phrase "related to" in the FSHCAA regulation recognizes that § 233(a) immunity extends beyond the mere act of providing medical care); *see also Pinzon v. Mendocino Coast Clinics Inc.*, Case No. 14–cv–05504–JST, 2015 WL 4967257 at *1 (N.D. Ca. 2015 Aug. 20, 2015) (granting, over objection, motion by United States to substitute itself in place of deemed health center defendant in civil action asserting claims for, among other things, violation of "the Americans with Disabilities Act," "Civil Rights Act of 1964," and "Health Insurance Portability

20

Amended Notice of Removal Pursuant to 42 U.S.C. § 233(*l*)(2), 28 U.S.C. § 1442, and 28 U.S.C. § 1332(d)

and Accountability Act of 1996"); *Pomeroy v. U.S.*, 2018 WL 1093501, at *2 (D. Mass. Feb. 27, 2018) ("The statute must cover a broader scope of activity than the delineated categories alone, or else 'related functions' would be mere superfluity.") (quoting *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) for proposition that statutes should "be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant"); *accord Friedenberg*, 68 F.4th 1113 ("We must give meaning to the plain text of the statute, and here, § 233(a) plainly encompasses damages stemming from the performance of medical and 'related' functions.").

46.    Several courts have recognized claims concerning a deemed PHS defendant's alleged failure to safeguard confidential patient information as arising out of a "medical … or related function" within the meaning of 42 U.S.C. § 233(a). *See, e.g.*, *Mixon*, 2022 WL 1810615 *4-8 (finding deemed health center defendant's maintenance of confidential patient records is a "related function" within the meaning of § 233(a) immunity, regardless of whether the party alleging a failure to do so is an individual plaintiff or a putative class of patients); *Kezer v. Penobscot Cmty. Health Ctr.*, 15-cv-225-JAW, 2019 BL 141566 at *6 (D. Me. Mar. 21, 2019) (breach of patient confidentiality claim against deemed PHS employees falls within the scope of § 233(a) immunity, and performance of administrative or operational duties, including the duties the maintain the confidentiality of patient PI, can qualify as "related functions" within the meaning of § 233(a)); *cf. Teresa T. v. Ragaglia*, 154 F. Supp. 2d 290, 300 (D. Conn. 2001) (finding that doctor's duty to report suspected child abuse is a "related function to the doctor's performance of medical services."); *Brignac v. U.S.*, 239 F.Supp.3d 1367 (N.D. Ga. 2017) (recognizing that allegations of failing to report misconduct and failing to hire and retain is conduct covered under the FSCHAA); *La Casa de Buena Salud v. U.S.*, 2008 WL 2323495, **18-20 (D.N.M. March 21,

21

Amended Notice of Removal Pursuant to 42 U.S.C. § 233(*l*)(2), 28 U.S.C. § 1442, and 28 U.S.C. § 1332(d)

2008) (recognizing that FSHCAA coverage under § 233(a) may extend to claims of negligent hiring, retention, and supervision).

47.    Plaintiff's claims arise out of "health or health-related functions performed by [CentroMed]," 42 U.S.C. § 233(h)(1), which are quintessential to its health center project, statutorily mandated for all health center entities, and a condition of their deemed PHS status— *i.e.*, "to implement and maintain systems and procedures for protecting the confidentiality of patient information and safeguarding this information against loss, destruction, or unauthorized use, consistent with federal and state requirements, may result in disapproval of this deeming application." *See*, *e.g.*, Program Assistance Letter 2021-21, Calendar Year 2022 Requirements for Federal Tort Claims Act (FTCA) Coverage for Health Centers and Their Covered Individuals (Feb. 9, 2021), *available at* https://bphc.hrsa.gov/sites/default/files/bphc/ftca/pdf/pal-2021-01.pdf; 42 U.S.C. §§ 233(h)(1), § 254b(k)(3)(C). Plaintiff alleges CentroMed failed to adequately protect PII/PHI on its electronic record keeping system and that she was harmed as a result. CentroMed's performance of these functions is intertwined with and inseparable from its medical functions, as a Section 330 health center and safety net provider.

48.    The protection of personal and confidential patient information is not only a medical or related function within the scope of CentroMed's health center project/deemed PHS employment, but this action, to the extent it seeks relief *from CentroMed*, is rooted in allegations that it failed to adequately perform such functions. *See* Ex. A, Compl., at ¶16 ("In exchange for receiving medical services, Plaintiff provided Defendant [CentroMed] with her PII/PHI as a regular part of Defendant's business operations"). In other words, with respect to CentroMed, the complaint acknowledges, if not hinges on, the inextricable connection between the mandated

medical and related functions of federally funded health center and the duty to maintain the confidentiality of patient information. Ex. A, Compl. at ¶ 1-14, 16, 71-105.

49.    Thus, Plaintiff's exclusive remedy with respect to the alleged acts or omissions of CentroMed is a claim against the United States under the FTCA. *See* 42 U.S.C. § 233(a) (remedy against United States provided by FTCA "shall be exclusive of any other civil action or proceeding.").

## OTHER PROCEDURAL REQUIREMENTS

50.    Venue before this court is proper because this Notice of Removal is filed in the federal district court that embraces the place where the local state court matter is pending. *See* 28 U.S.C. §§ 1441(a), 124(d)(4).

51.    Under 28 U.S.C. § 1446(b)(1), removal is timely because CentroMed has yet to be served with the summons and complaint. *Agyin,* 986 F.3d at 175 (officer removals, unlike general removals under 28 U.S.C. 1441, are to be construed broadly in favor of a federal forum); *Friedenberg,* 68 F.4th 1113 (same).

52.    In addition, a copy of this Notice of Removal is being contemporaneously filed with the local state court where this action was filed, along with copies of all process and pleadings. 28 U.S.C. § 1446(d).

53.    Pursuant to 42 U.S.C. § 233(*l*)(2), all proceedings in this case are automatically stayed pending the Court's hearing and threshold immunity determination. 42 U.S.C. § 233(*l*)(2) (upon removal, "[t]he civil action … *shall be stayed* in ["the appropriate United States district court"] until such court conducts a hearing, and makes a determination, as to the appropriate forum

Amended Notice of Removal Pursuant to 42 U.S.C. § 233(*l*)(2), 28 U.S.C. § 1442, and 28 U.S.C. § 1332(d)

or procedure for the assertion of the claim for damages described in subsection (a) and issues an order consistent with such determination") (emphasis added).

## CONCLUSION

For the forgoing reasons, the Court should, after conducting a hearing pursuant to 42 U.S.C. § 233(*l*)(2), substitute the United States as the only proper defendant in place of Defendant El Centro Del Barrio in the above-captioned action.

Dated: February 6, 2024      Respectfully submitted,

LANGLEY & BANACK INCORPORATED

/s/ *Natalie Friend Wilson*
Natalie Friend Wilson
Texas Bar No. 24076779
745 E Mulberry Ave, Ste 700
San Antonio, Texas 78212
Tel: 210.736.6600
nwilson@langleybanack.com


FELDESMAN TUCKER LEIFER FIDELL LLP

Matthew S. Freedus*
D.C. Bar No. 475887
1129 20th Street, N.W., 4th Floor
Washington, DC 20036
Tel: 202.466.8960
mfreedus@ftlf.com

*Counsel for Defendant El Centro Del Barrio (D/B/A CentroMed)*

*Admitted *pro hac vice*

24

Amended Notice of Removal Pursuant to 42 U.S.C. § 233(*l*)(2), 28 U.S.C. § 1442, and 28 U.S.C. § 1332(d)

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 6th day of February, 2024, a true and correct copy of foregoing Amended Notice of Removal, was served upon the below parties via the Court's electronic transmission facilities and email:

Plaintiff's Attorneys

Ketan U. Kharod
Texas Bar No. 24027105
GUERRERO & WHITTLE, PLLC
2630 Exposition Blvd., Suite 102
Austin, TX 78703
Telephone: (512) 605-2300
ketan@gwjustice.com

Jonathan Shub
Benjamin F. Johns
Samantha E. Holbrook
SHUB & JOHNS LLC
Four Tower Bridge
200 Barr Harbor Drive, Ste. 400
Conshohocken, PA 19428
Telephone: (610) 477-8380
jshub@shublawyers.com
bjohns@shublawyers.com
sholbrook@shublawyers.com

United States

Robert D. Green
Texas Bar No. 24087626
Assistant United States Attorney
U.S. Attorney's Office
601 NW Loop 410, Suite 600
San Antonio, Texas 78216
Telephone: (210) 384-7362
robert.green3@usdoj.gov

*s/ Natalie Friend Wilson*
Natalie Friend Wilson

1

Amended Notice of Removal Pursuant to 42 U.S.C. § 233(*l*)(2), 28 U.S.C. § 1442, and 28 U.S.C. § 1332(d)